IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE KNAUB | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| GLENN S. UDELL | : |
| | : |
| AFGO MECHANICAL SERVICES, INC. | : NO. 08cv1838 |

MEMORANDUM

YOHN, J.                                                                              JUNE         , 2009

   Having lost a jury verdict, plaintiff now requests that the court enter judgment as a matter of law in his favor as to liability. The court denied plaintiff's motion for a directed verdict as to liability during the trial. Based on the evidence presented, reasonable minds could differ as to liability; therefore, this was a factual issue to be decided by the jury. Unfortunately for the plaintiff, the jury decided adversely to him. Although I might have decided the liability issue differently if I were the factfinder, that is not the basis for a directed verdict which requires that I conclude that no reasonable jury (or juror) could find for defendant based on the evidence produced at trial. In this case, the evidence supports more than one reasonable conclusion.

   We do not know the specific basis on which the jury answered question number 1 "No". The jury verdict sheet itemized a number of steps to be taken to make the liability determination in order to ensure that the jury understood the various issues that needed to be resolved. This verdict sheet was approved by all parties, as was the charge by the court which expanded on each of the issues listed on the verdict sheet. Although I cannot determine which specific issue caused the jury to find for the defendants, the court believes that the most likely issue

was that the jury found the statements by the defendant not to be defamatory.[1] The court ruled, as it must, that those statements were capable of a defamatory meaning, but that does not mean that they were, in fact, defamatory under all of the circumstances, a decision to be made by the jury.

Plaintiff also argues for a new trial on the basis that the verdict was against the weight of the evidence, without even citing any authority or the legal standard that applies to such a motion.

In the Third Circuit, new "trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 309 n.18 (3d Cir. 2007) (citing *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir.1991)). Despite the court's "limited discretion" in granting a new trial for this reason, "considerable deference remains due to [a district court's] determination that a verdict is against the weight of the evidence. The trial judge observes 'the witnesses and follows the trial in a way that [the Third Circuit] cannot replicate by reviewing a cold record." *Williamson*, 926 F.2d at 1353 (quoting *Roebuck v. Drexel Univ.*, 852 F.2d 715, (3d Cir. 1988)).

Importantly, "[u]nlike a sufficiency of the evidence claim, when a court evaluates a challenge to the weight of the evidence it does not view the evidence in the light most favorable to the verdict winner, but instead exercises its own judgment in assessing the evidence." *Marra*, 497 F.3d at 309 n.18 (citing *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 365 (3d Cir.1999)).

Reviewing my notes from the trial (the plaintiff did not order a transcript) and the exhibits, I cannot discern a miscarriage of justice. The verdict does not cry out to be overturned or

---

[1] The jury could also have reasonably found that the communication(s) did not cause actual injury to the plaintiff.

shock the conscience.  The case was well tried with minimal evidentiary disputes.  Plaintiff does not point to any trial disputes, only his disagreement with the jury's ultimate decision.  There is no reason to believe a new jury would decide otherwise and no allegation that the plaintiff did not receive a fair trial.

      The plaintiff's motion for judgment as a matter of law as to liability or, in the alternative, for a new trial will be denied.

                                                               s/William H. Yohn Jr.
                                                               William H. Yohn Jr., Judge